## *In re* READ, Bankrupt.

(*District Court, W. D. Tennessee.* ———, 1880.)

1. DISCHARGE—EFFECT OF PROVING A DEBT AFTER THE DAY TO SHOW CAUSE.

A debt proved after the day appointed to show cause against a discharge will not be reckoned in determining whether the assets be equal to 30 per centum of the claims proved against the estate, nor whether the requisite assent, in number and value, of creditors has been obtained. A debt so proved cannot be allowed to influence the question of discharge in any way.

Cases cited: *Re Borst*, 11 N. B. R. 96; *Re Derby*, 12 N. B. R. 241; *Re Antisdel*, 18 N. B. R. 290, 298.

In Bankruptcy.

*Wm. M. Randolph*, for bankrupt.

*Humes & Poston, contra.*

HAMMOND, D. J. The petition for discharge having been filed the fourth day of January, 1879, was assigned for the hearing before the register at Trenton, when and where all creditors were notified by publication, as required by law, to attend and show cause why the discharge should not be granted; the same time and place was appointed for the second and third meetings of creditors. No debts had at that time been proved, nor did any creditors appear at this meeting either to prove their debts or to oppose the discharge. But subsequently, on the ninth of January, 1879, M. L. Meacham & Co. proved their debt and filed it with the register on the twenty-second of January, 1879. The amount of their debt is $1,512.36, upon which the assignee paid all the money in his hands, being the sum of $95. No other creditors have proved their debts. This payment not amounting to 30 per centum of the debt proved, and there being no assent of creditors, the question is whether the bankrupt is entitled to his discharge. The register certifies the facts in his final report, and submits the question.

For the bankrupt it is insisted that the debt proved cannot be counted because the proof was made and filed after the day to show cause; that while it may be true that a creditor may prove at any time before final distribution for the pur-

v.5, no. 8—46

pose of receiving dividends, the question of the bankrupt's discharge is to be determined by the facts as they existed on the day to show cause; and that the right to a discharge having once attached is complete, and not to be defeated by subsequently filing proofs of debt.

I do not think that the accidental fact that the second and third meeting of creditors was held, under general order No. 25, on the same day appointed for the creditors to appear and show cause against the discharge, can influence the question submitted by the register. These meetings were held only for the purposes prescribed in sections 5092 and 5093 of the Revised Statutes, but for convenience were assigned for the same day as that appointed under section 5109 for the creditors to show cause against the discharge. Section 33 of the original act of 1867, (Rev. St. 5112,) as amended by the act of July 27, 1868, (15 Stat. 228,) required the assent of creditors to be filed in the case at or before the time of the hearing of the application for discharge; and, as it required the assent only of the creditors "who shall have proved their claims," it is manifest that under that section no other creditors could be counted in determining whether the requisite assent had been given, except those who had at or before that time proved their claims. *Re Borst,* 11 N. B. R. 96. And although section 9 of the act of June 22, 1874, (18 Stat. 180,) does not prescribe the time within which the assent must be given with the same particularity, it has been ruled that there has been no change of the original act in that respect. *Re Derby,* 12 N. B. R. 241.

Again, by general order 24, a creditor opposing the discharge for cause under sections 5110 and 5111 must appear and enter his opposition on the day when the creditors are required to show cause. This day, then, seems to be the time fixed for the termination of the right of the creditors to make whatever opposition they have to offer. The act can have no other meaning. It is for this purpose the creditors are notified, and it has been held, after careful consideration of the cases, that creditors who have been duly notified and made no opposition, are to be regarded as consenting to a discharge. *Re Antisdel,* 18 N. B. R. 290, 298.

I cannot see why the same principle does not apply here. Before this debt was proved, and at all times after the expiration of the day appointed for the creditors to show cause, until this proof of debt was filed the bankrupt was entitled on the record as it stood to his discharge, there being no debts proved, and no opposition made. If the case had been brought to the attention of the court within those dates he would have been discharged before this proof of debt was filed. He cannot be now defeated of his discharge by filing a claim too large to bring his case within the amount of assets required to entitle him to a discharge. A creditor, if he wishes to influence the question of the bankrupt's discharge, must prove his debt on or before the day appointed to show cause, so that it may be reckoned in determining whether the assets be equal to 30 per centum of the claims proved and counted against it, if he withholds his assent in writing; or else he must appear on that day and enter his opposition for cause, and file his specifications within the 10 days allowed for that purpose. Failing to take either of these steps, the weight of his claim is lost, and the right of opposition gone. He must, then, be regarded as consenting to a discharge, although he subsequently prove his debt and receive less than 30 per centum of his claim.

Let a discharge be granted.